UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                No. 06 CR 988-LTS

GERALD SCOTT,

        Defendant.

-------------------------------------------------------

GERALD SCOTT,

        Petitioner,

    -v-                                                No. 16 CV 4981-LTS

UNITED STATES OF AMERICA,

        Defendant.

-------------------------------------------------------x

<u>M</u>EMORANDUM <u>O</u>PINION AND <u>O</u>RDER

        On December 16, 2016, Defendant-Petitioner Gerald Scott filed a motion pursuant to 28 U.S.C. section 2255 to vacate his sentence in light of the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), which invalidated the so-called "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) (the "ACCA"). For the following reasons, Scott's motion is granted.

BACKGROUND

        Scott pleaded guilty to three counts of Indictment 06 CR 988, including Count Four, which charged Scott under 18 U.S.C. sections 922(g)(1) and 924(e), the ACCA, with being a felon in possession of a firearm after three prior convictions for "violent felonies." (Docket

entry no. 1, Indictment, at p.3; docket entry no. 22, Change of Plea Hearing.) Two of the predicate violent felonies identified in the Indictment involved violations of New York's first degree manslaughter statute, N.Y. Penal Law § 125.20(1). Scott's plea of guilty to Count Four subjected him to a 180-month mandatory minimum custodial sentence under the ACCA, which, combined with an 84-month mandatory consecutive minimum custodial sentence on Count Three, resulted in a mandatory minimum custodial sentence of 264 months. In light of the mandatory minimums, Scott's advisory Sentencing Guidelines range was from 264 to 327 months of imprisonment. This Court sentenced Scott principally to the mandatory minimum custodial sentence: a total of 264 months of imprisonment on the three counts of conviction.

## DISCUSSION

A defendant may challenge a federal criminal sentence "imposed in violation of the Constitution or laws of the United States" through a motion pursuant to 28 U.S.C. section 2255(a). Where the Court concludes that the sentence imposed was "not authorized by law," the Court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate" pursuant to 28 U.S.C. section 2255(b).

In Johnson, the Supreme Court held that the so-called "residual clause" of the ACCA was impermissibly vague and its application would therefore violate the Due Process Clause of the Constitution. 135 S. Ct. at 2563. The residual clause of the ACCA covered any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Following Johnson, the ACCA applies only to any crime that "has as an element the use, or attempted use, or threatened use of physical force against the

person of another," (the "Force Clause") as well as to certain enumerated offenses that are not at issue here. Id.

Scott argues that, following Johnson, his convictions for first degree manslaughter are not violent felonies under the Force Clause, and therefore he is not subject to the mandatory minimum sentencing provisions that were applied at the time of sentencing. The Government argues that Scott's convictions for first degree manslaughter are violent felonies under the Force Clause.

New York's first degree manslaughter statute is a "divisible" statute, one that sets forth several independent grounds for conviction. Vargas-Sarmiento v. U.S. Dep't of Justice, 448 F.3d 159, 167 (2d Cir. 2006). Accordingly, this Court uses a "modified categorical approach" to determine which provision of the New York statute was the basis of Scott's conviction. See United States v. Beardsley, 691 F.3d 252, 264 (2d Cir. 2012). The Government has proffered two Certificates of Disposition, pursuant to Shepard v. United States, 544 U.S. 13 (2005), which show that Scott was convicted under subsection one of the first degree manslaughter statute. See United States v. Green, 480 F.3d 627, 633 (2d Cir. 2007) (holding that a New York Certificate of Disposition is appropriately used to identify the subsection of a criminal statute under which a defendant was previously convicted). As of 1987, when Scott was convicted of the two first degree manslaughter offenses, subsection one provided that "[a] person is guilty of manslaughter in the first degree when: (1) [w]ith intent to cause serious physical injury to another person, he causes the death of such person or of a third person." N.Y. Penal Law § 125.20 (1987).

In determining whether Scott was convicted of a crime constituting a "violent felony" within the meaning of the Force Clause, the Court "must presume that the conviction

rested upon nothing more than the least of the acts criminalized." Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013) (internal modifications and citation omitted). In this analysis, "only the minimum criminal conduct necessary for conviction under [the] particular statute is relevant." United States v. Acosta, 470 F.3d 132, 135 (2d Cir. 2006).

The New York Court of Appeals evaluated the reach of subdivision one of the first degree manslaughter statute in People v. Steinberg, 79 N.Y.2d 673 (1992). In Steinberg, the Court of Appeals held that a parent's failure to fulfill his non-delegable duty to provide his child with medical care, which is an omission, can form the basis of a homicide charge and can support a charge of first degree manslaughter, as long as there is sufficient proof that the defendant intended to cause serious physical injury. Id. at 680. The Steinberg Court noted that, under the Penal Law, "the failure to perform a legally imposed duty" – i.e., inaction – is a culpable omission. Id. Based on these principles, the Steinberg Court held that the denial of medical care to the child was sufficient to support the defendant's first degree manslaughter conviction. Id. at 681.

The Government argues that the import of Steinberg's holding – that first degree manslaughter can be committed in New York State by omission and thus without using force – must be rejected in light of the Supreme Court's decision in United States v. Castleman, 134 S. Ct. 1405 (2014). According to the Government, Castleman's holding that an indirect method of causing harm to a person is a use of force requires that all culpable omissions be deemed indirect uses of force. Castleman, however, does not go so far. Indeed, Castleman is inapposite, as the Court there dealt with a conviction under a statute that made it a crime to "commi[t] an assault" and a defendant who had violated the statute by the knowing or intentional causation of "bodily injury," a crime that the Court held "necessarily involves the use of physical force." 134 S. Ct. at

1414.  Applying the common law concept of battery to define force, the Court found that actions, such as poisoning, used to accomplish such bodily injury indirectly, constituted culpable uses of force.  See id. at 1415.  The Castleman Court did not address inaction at all, however, and the decision therefore does not abrogate the holding in Steinberg.

The only remaining element of subsection one is the causation of death of a person.  The Second Circuit has long held that "the intentional causation of injury does not necessarily involve the use of force."  Chrzanoski v. Ashcroft, 327 F.3d 188, 195 (2d Cir. 2003).  Taken together, Steinberg and Chrzanoski establish that a defendant may be convicted of violating subsection one of New York's first degree manslaughter statute by an act of omission, which by definition does not involve an act of any kind, let alone the use of force.

The Court accordingly concludes that subsection one of the first degree manslaughter statute is not an offense covered by the Force Clause.  As a result, Scott lacks the necessary predicate convictions for violent felonies to trigger the ACCA's 180-month mandatory minimum sentence following the Johnson decision, and is subject only to the remaining mandatory minimum sentence for Count Three.

Scott also argues that his sentence should be vacated because of the effect of Johnson on the United States Sentencing Guidelines.  This argument is foreclosed by the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017), and the Court accordingly concludes that Scott has not shown that there was error in the computation of his Guidelines range at sentencing.

In light of the Court's conclusion that Scott is not subject to the career offender enhancement under ACCA, however, the Court concludes that vacatur of Scott's sentence and resentencing is the appropriate remedy pursuant to 28 U.S.C. § 2255(b).  At his sentencing, Scott

did not have the benefit of arguments for a sentence below the mandatory minimum range, which was higher (albeit only slightly) than the bottom of the Guidelines range, and Scott was further precluded from making arguments for the appropriateness of a lesser sentence in consideration of the factors enumerated in 28 U.S.C. § 3553(a).

CONCLUSION

For the foregoing reasons, Scott's motion for relief pursuant to 28 U.S.C. section 2255(a) is granted and his sentence is vacated.

Scott's resentencing is hereby scheduled for **July 31, 2017**, at 11:00 a.m. The sentencing submission for the defendant must be filed, with a courtesy copy provided for Chambers, by **July 10, 2017**. The sentencing submission for the Government must be filed, with a courtesy copy provided for Chambers, by **July 24, 2017**.

This Memorandum Opinion and Order resolves docket entry no. 65 in 06 CR 988. The Clerk of Court is directed to close case no. 16 CV 4981.

SO ORDERED.

Dated: New York, New York
June 2, 2017

   /s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN
United States District Judge