# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

*Appeals Bureau*
*Barry D. Leiwant*
Attorney-in-Charge

July 27, 2021

**BY ECF**
Honorable Laura Taylor Swain
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

    Re:    *United States v. Gerald Scott*
            No. 06-cr-988

Dear Chief Judge Swain:

      We write to request that Mr. Scott's surrender date, which is currently August 3rd, be postponed until after the Supreme Court rules on his petition for a writ of certiorari. He filed that petition on March 31, 2021— less than one month after the Second Circuit ruling at issue and well before the 150-day deadline that then existed under the high court's COVID-19 rules. Mr. Scott has been at liberty without incident for over 3½ years, and there is ample good cause to continue his release for the relatively short time it will take the Supreme Court to act. *See, e.g., United States v. Javed*, 2021 WL 2181174, at *5 (S.D.N.Y. May 27, 2021) (noting power to, for "good cause[,] further postpone [a] surrender date"); Fed. R. Crim. P. 45(b)(1) ("When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion."); Rule 12, Rules Governing § 2255 Proceedings (The "Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

      In June 2017, Your Honor granted Mr. Scott's motion under 28 U.S.C. § 2255, ruling that, in light of *Johnson v. United States*, 576 U.S. 591 (2015), he was no longer subject to the Armed Career Criminal Act. *See* Docket Entry 82. Your Honor then resentenced him to time served and five years of supervised release; he began that term on January 5, 2018. *See* Docket Entry 99. The government appealed, losing before a three-judge panel, *see United States v. Scott*, 954 F.3d 74 (2d Cir. 2020), but prevailing in a 9-5 en banc decision on March 2, 2021. *See United States v. Scott*, 990 F.3d 94 (2d Cir. 2021). That same month, Mr. Scott filed his cert petition. The government has obtained three extensions; its response is due August 16th. *See* https://www.supremecourt.gov/search.aspx?filename=/docket/DocketFiles/html/Public/20-7778.html. Assuming the government responds on August 16th, Mr. Scott's petition will be

decided at the first conference of the new term, which will be two months from now: September 27th.  *See* https://www.supremecourt.gov/oral_arguments/2021TermCourtCalendar.pdf.

There is abundant good cause to postpone Mr. Scott's surrender for the relatively short time it will take the Supreme Court to either deny review or adjudicate his case.  In the 3½ years since his release from prison, he has performed exceptionally well: he has complied fully with the terms of his release; he survived New York City shelter housing during the height of the COVID-19 pandemic, obtaining the Pfizer vaccine this year; he navigated a bureaucratic labyrinth to obtain public aid and secure private housing (a feat our office rarely witnesses); and he has a job interview scheduled for tomorrow with Klēn Space, an industry-leading commercial cleaning company.  Sending Mr. Scott to prison next week would of course preclude any employment and result in the loss of the home he has fought so long and hard to secure.

Moreover, there is a good chance the Supreme Court will take Mr. Scott's case.  As detailed in his cert petition – available at https://www.supremecourt.gov/DocketPDF/20/20-7778/173628/20210331173818913_Scott%20Cert%20Petition.pdf – there is a pronounced circuit split on the question here, which is whether a crime that can be committed by total physical inaction is a crime requiring the "use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).  Resolving a circuit split is chief among the Supreme Court's reasons for granting review— especially where, as here, the question is divisive (11 of the 12 circuits have split over it) and recurring (the text at § 924(e)(2)(B)(i) is materially identical to the text at § 16(a), § 924(c)(3)(A) and § 3156(a)(4)(A), which are provisions that arise daily in criminal and immigration cases across the country).

Further, there is a good chance the Supreme Court will agree with Your Honor and the Second Circuit panel and rule in Mr. Scott's favor.  As detailed in his cert petition, there is a wall of authority the en banc majority had to scale to reach the outcome it did: the Supreme Court has consistently (and unanimously) ruled the clause at issue is limited to "violent, active crimes," *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004), and thus does not reach an offense that "amounts to a form of inaction." *Chambers v. United States*, 555 U.S. 122, 128 (2009).  Just last month, the Supreme Court again reaffirmed that the clause here is limited to offenses that require the "active employment of force against another person." *Borden v. United States*, 141 S. Ct. 1817, 1834 (June 10, 2021).  A crime of inaction is no such crime.  Given the lack of a single high court ruling saying otherwise, moreover, the rule of lenity would apply here even if there were doubt: the rule "bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope," *United States v. Lanier*, 520 U.S. 259, 266 (1997), and that describes this case to a tee.

Finally, there is simply no need to imprison Mr. Scott next week.  He has been at liberty for over 3½ years and his conduct has been impeccable.  The en banc court implicitly acknowledged this, directing Your Honor to "reinstate Scott's original sentence," *Scott*, 990 F.3d at 125, but setting no deadline for doing so.  Likewise, the government appealed Your Honor's 2018 ruling in Mr. Scott's favor but did not seek to detain him pending its appeal and, after the en banc court ruled, the government consented to a four-month postponement of surrender. *See* Docket Entry 107.

      We have conferred with the government about the present request, which it says it opposes. But given the history of this case, the equities at play, and the reasonable chance of Supreme Court review, sending Mr. Scott to prison next week would wreak intense and potentially irreparable harm without doing any good. We thus ask Your Honor to postpone the surrender date until after the Supreme Court rules on Mr. Scott's cert petition.

                                                                         Respectfully submitted,

                                                                         *s/ Matthew B. Larsen*
                                                                         *s/ Jennifer E. Willis*
cc:     AUSA Catherine Ghosh             Assistant Federal Defenders

The application is granted. Mr. Scott's surrender date is, with the Government's consent extended to October 12, 2021 (subject to further extension if the cert petition is not resolved by that date). This resolves docket entry no. 109.
SO ORDERED.
/s/ Laura Taylor Swain, Chief USDJ